■ EMILIE MAYER, Respondent, v. NATIONAL CAR RENTAL SYSTEM, INC., et al., Appellants.— In an action to recover damages for wrongful death and conscious pain and suffering, defendants appeal from an order of the Supreme Court, Queens County, dated April 4, 1973, which (1) granted plaintiff's motion to increase the *ad damnum* clause in the complaint from $200,000 to $2,000,000 and for leave to serve a second supplemental bill of particulars and (2) determined that such bill is deemed to have been served. Order modified by (1) striking therefrom the provision with reference to the *ad damnum* clause; (2) adding thereto, immediately after the provision that the motion is granted, the following: "except that it is denied insofar as it seeks to increase the *ad damnum* clause and to include in the second supplemental bill of particulars in pargraphs 9 and 14, the claim that plaintiff's intestate was a professional vocalist." As so modified, order affirmed, without costs. In our opinion Special Term improvidently exercised its discretion by approving an increase in the *ad damnum* clause to $2,000,000 and by approving an amendment to the bill of particulars indicating the decedent's employment as a professional vocalist. Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur.

■ FLORENCE F. MILLER, Respondent, v. CONTINENTAL INSURANCE COMPANY, Appellant.— In an action to recover death benefits under a policy of group accident insurance, defendant appeals from an order of the Supreme Court, Queens County, dated September 17, 1973, which denied its motion for pretrial examinations of the insured's father and two brothers and a further pretrial examination of his mother, the plaintiff beneficiary. Order reversed, without costs, and motion granted to the extent of permitting defendant to examine the insured's father and two brothers and to further examine plaintiff, before trial, the further examination of plaintiff to be limited, however, to the issue of the insured's illness during May and June, 1970. The examinations shall be conducted within 30 days after entry of the order to be made hereon at the place indicated in defendant's notice of motion at a time or times to be set forth in a written notice or notices of not less than five days, to be given by defendant, or at such other place and time or times as the parties may agree. Thereafter, the parties shall proceed to trial (rule 675.7 of the rules of this court [22 NYCRR 675.7]). In our opinion, it was an improvident exercise of discretion for Special Term to deny defendant an opportunity to conduct examinations before trial of the insured's father and two brothers. Furthermore, defendant should be permitted to conduct a further examination before trial of plaintiff. At a previous examination plaintiff testified that the insured was not ill or confined to his home at any time during the two years preceding his death. When plaintiff served defendant with a copy of the transcript, plaintiff indicated that she then recalled that her son was ill and confined to his home sometime in May and June, 1970. In our opinion, defendant should be given an opportunity to question plaintiff with respect to her son's illness during May and June, 1970. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.